IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2002

## STATE OF TENNESSEE v. DERRICK WAYNE KEMBEL

**Direct Appeal from the Circuit Court for Blount County**
**No. C-13145-51     D. Kelly Thomas, Jr., Judge**

_____

**No. E2001-02087-CCA-R3-CD**
**July 11, 2002**
_____

The appellant, Derrick Wayne Kembel, entered guilty pleas in the Blount County Circuit Court to seven counts of theft and was granted immediate probation. Soon thereafter, the trial court revoked the appellant's probation due to the appellant's failure to comply with the terms of his release. On appeal, the appellant contends that the trial court erred when it revoked his probation and sentenced him to serve the balance of his sentence in incarceration. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Jon A. Anderson, Maryville, Tennessee, for the appellant, Derrick Wayne Kembel.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and Mike Flynn, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On April 9, 2001, the appellant pled guilty in the Blount County Circuit Court to seven counts of theft. One count was a Class D felony, three counts were Class E felonies, and three counts were Class A misdemeanors. He was sentenced to four years incarceration in the Tennessee Department of Correction for the Class D felony conviction, two years in the Department for each Class E felony conviction, and eleven months and twenty-nine days in the county jail for each misdemeanor conviction.[1] The sentences were immediately suspended and the appellant was placed

_____

[1] The judgments indicate that the appellant's sentences for the Class E felonies and the Class A misdemeanors
(continued...)

on supervised probation. The trial court ordered that, as conditions of his probation, the appellant enter and complete the Blount County Drug Court program, follow all rules of the Drug Court, pay a ten dollar ($10) weekly treatment fee to the court clerk, and not have any contact with his victims. Additionally, the appellant was required to maintain employment, comply with all local, state, and federal laws, and abstain from the use of intoxicating beverages and controlled substances. He was also prohibited from entering bars and taverns.

On July 16, 2001, a probation revocation warrant was issued, alleging that the appellant had violated the terms and conditions of his probation. Specifically, the warrant alleged that an order of protection had been issued against the appellant; he had failed to complete the Drug Court program; he had failed to make any payments on his Drug Court fees; he had been untruthful regarding his employment; and he was working in a bar.

The appellant conceded at the probation revocation hearing that the contents of the warrant were accurate and admitted that he had "technically" violated the terms of his probation. However, he provided the court numerous explanations for the violations. He admitted that an order of protection had been issued prohibiting him from having any contact with his ex-wife, but advised the court that he agreed to the order because he had no desire to have further contact with her. As for his failure to pay costs for the drug treatment program, the appellant reported that he had been removed from the program by the trial court because "my credibility was shot." He simply followed the instructions of his counselors who advised him that he was not required to pay the court fees because he did not complete the program.

The appellant admitted that he had on numerous occasions informed his counselors and the trial court that he was employed by Rural Metro in West Knoxville. Notably, he appeared before the trial court wearing a Rural Metro tee shirt and advised the trial court that he was working sixty to eighty hours per week. Unfortunately for the appellant, the trial court attempted to verify the appellant's employment and was advised that the appellant had never been an employee of Rural Metro.

When confronted with this information, the appellant conceded that he had not been truthful regarding his employment. He admitted that he was employed at Cheyenne's, a Blount County establishment that sold alcohol. The probation violation report described Cheyenne's as "a bar in Blount County." The appellant asserted that the establishment serves breakfast, lunch, and dinner. Additionally, he noted that the establishment has a children's menu and he occasionally saw children there. He stated that he never touched or served alcohol.

The appellant admitted that he had a prior conviction for driving under the influence and that he had previously violated his probation on a misdemeanor theft conviction in Knox County.

---

[1](...continued)
run concurrently with his sentence for the Class D felony.

He also conceded that he had been arrested in Lenoir City and, at the time of the revocation hearing, those charges were pending. He advised the trial court that his life had changed since he had been in jail and explained, "I've got Christ in my life now. I've had a lot of time to think about this, and I sit there basically 24 hours a day; all I have to do is think about this and pray about this."

At the conclusion of the sentencing hearing, the trial court revoked that appellant's probation and ordered service of his sentence. The appellant timely appealed, alleging that the trial court erred by revoking his probation.

## II. Analysis

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(d) (1997). The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). The evidence need only show that the judge has exercised conscientious judgment in making the decision rather than acting arbitrarily. Id. On appeal, this decision will not be disturbed absent a finding of an abuse of discretion. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The evidence before the trial court more than justified the revocation of appellant's probation. The appellant admitted that, on several occasions, he had been untruthful with the trial court and his counselors regarding his employment. See State v. Clifford W. Jackson, No. 02C01-9802-CR-00041, 1999 Tenn. Crim. App. LEXIS 830, at **11-12 (Jackson, August 13, 1999); State v. Zachary Lamont Kennedy, Jr., No. 01C01-9509-CR-00315, 1996 Tenn. Crim. App. LEXIS 518, at *11 (Nashville, August 22, 1996). Claiming to be employed at Rural Metro, he appeared before the trial court in a Rural Metro tee shirt and gave detailed information regarding his employment there. Furthermore, at the time appellant claimed to be working at Rural Metro, he was unemployed or working at a bar, in direct violation of the terms of his probation. Additionally, at the revocation hearing, the appellant confirmed that he had theft charges pending in Lenoir City, and further admitted that he had previously violated his probation resulting from a conviction in Knox County. He conceded that, while on probation for these charges, an Order of Protection had been issued against him, and also acknowledged that he had not completed the Drug Court program nor had he made any payments on his treatment fees. Moreover, upon revoking the appellant's probation, the trial court was authorized to "cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d) (1997); see also Tenn. Code Ann. § 40-35-310 (1997); State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). We cannot conclude that the trial court abused its discretion in revoking appellant's probation and ordering service of the appellant's original sentence.

### III. Conclusion

Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE